IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LISA DENOMME, | : |
| Claimant, | : |
| v. | : CASE NO. 3:11-CV-105-CDL-MSH |
| | : Social Security Appeal |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Respondent. | : |

_____

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for Disability Insurance Benefits and Supplemental Security Income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. ▪ 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

**I.     Did the ALJ err in failing to properly weigh the medical opinion evidence?**

3

**II.     Did the ALJ err in failing to properly evaluate Claimant's credibility?**

### Administrative Proceedings

Claimant applied for Social Security Disability Benefits (SSD) on August 10, 2005, alleging disability as of February 26, 2005, due to multiple sclerosis, shortness of breath, depression, memory loss, numbness in the head, back problems, difficulty walking, poor balance and poor coordination. (Tr. 19; ECF No. 10.)  Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ").  The Claimant appeared before an ALJ for a hearing on February 24, 2009, and following the hearing, the ALJ issued an unfavorable decision on March 18, 2009.  (Tr. 16-24.)  The Appeals Council ultimately denied Claimant's Request for Review on March 2, 2011.  (Tr. 9-12.)  This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 18.)  The ALJ then found that Claimant had multiple sclerosis, depression, and status-post osteomyelitis, which was determined to be severe. (*Id.*)  The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.*)  The ALJ next found

that Claimant had the residual functional capacity (RFC) to perform sedentary work with a sit/stand option, occasional contact with the general public, no exposure to concentrated heat or cold, no climbing of ladders, occasional climbing of ramps, occasional balancing, and all other postural activities limited to frequent. (Tr. 19.) The ALJ determined that Claimant could not perform her past relevant work, but that there were jobs that existed in significant numbers in the national economy that she could perform. (*Id.* at 23) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

**I.     Did the ALJ err in failing to properly weigh the medical opinion evidence?**

Claimant first argues that the ALJ erred in failing to properly weigh the medical opinions provided by a consultative examiner and a state agency psychologist. (Cl.'s Br. 16, 17; ECF No. 11.) Specifically, Claimant contends that the ALJ failed to properly weigh or evaluate the opinions of consultative examining psychologist, Dr. Sam Vrochopoulos, Ph.D., as wells as the state agency psychologist who completed a Residual Functional Capacity form. (*Id.*)

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). In this case, the medical opinions at issue were not those of a treating physician. The Regulations state that the weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the

5

frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source.  20 C.F.R. § 416.927(d).   The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p.  The ALJ can reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician.  *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

Furthermore, an ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner. This includes any physician's opinion which states that he finds the claimant disabled or that the claimant's impairments meet or equal any relevant listing. 20 C.F.R. § 416.927(e)(1), (2) & (3); SSR 96-5p.  Determinations of disability or RFC "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."  20 C.F.R. § 416.927(e); see SSR 96-5p.

After review of the record, it is found that the ALJ articulated his reasons for giving less weight to the opinion of Dr. Vrochopoulos and the state agency psychologist, and, as such, complied with the ruling in *Cowart v. Schweiker*. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). In *Cowart*, the Eleventh Circuit found that an ALJ is required to "state specifically the weight accorded to each item of evidence and why [the ALJ] reached that decision." 662 F.2d at 735. If an ALJ fails to comply with *Cowart*, reversible error exists only if such omission creates "an evidentiary gap that caused unfairness or clear prejudice." *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). Furthermore, an incorrect application of the regulations is harmless error when the correct application would not contradict the ALJ's ultimate findings. *Id.*

In this case, the ALJ's statements regarding the opinion of Dr. Vrochopoulos combined with the RFC fail to establish reversible error. While Claimant contends that the ALJ failed to evaluate or weigh the opinion of Dr. Vrochopoulos in the psychological evaluation report he completed, it is clear from the ALJ's findings that he did, indeed, evaluate the opinion of the psychologist as he was required to do. The ALJ based his decision on the evidence of record, including the psychological report completed by Dr. Vrochopoulos as evidenced by his inclusion in the RFC of Claimant's need to have limited contact with the public as found by Dr. Vrochopoulos. The ALJ's decision is further based on his finding that the symptoms and limitations as subjectively alleged by

the Claimant were credible only to the extent that Claimant could perform work as prescribed by the RFC finding. (*Id.* at 19.)

As to the opinion of the state agency consulting psychologist, the ALJ noted that he found Claimant to be moderately limited in maintaining social functioning, but only mild limitations in activities of daily living, maintaining concentration, persistence and pace. Although not stated specifically, it is apparent from the ALJ's decision that he did not discredit the state agency consultant's findings and what weight he gave to those opinions can be inferred from his RFC finding. (Tr. 21.)

It is found that the ALJ appropriately afforded weight to the opinions of the consultative examiners. The ALJ properly included the limitations observed by the consultative examiners to the extent such limitations were consistent within the opinions in his RFC. It is clear that the failure by the ALJ to *explicitly* state the weight he gave to the opinions of the examiners was harmless in that it did not create an evidentiary gap in the record which caused unfairness or clear prejudice to Claimant. Thus, no error is found.

## II.    Did the ALJ err in analyzing Claimant's subjective allegations of pain?

The next issue for determination in this case is whether the ALJ erred in analyzing Claimant's subjective allegations of pain. Claimant contends that the ALJ "ignored evidence that supported [Claimant's] pain and limitations, relying instead on unsupported assumptions." (Cl.'s Br. 18.)

Regarding credibility, Social Security Regulation 96-7p reads:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Furthermore, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

The mere existence of impairments does not establish disability; instead, the ALJ must determine how a claimant's impairments limit her ability to work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

Here, the ALJ specifically stated that he reviewed the entire record, ultimately concluding that Claimant's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. (Tr. 22.) The ALJ found that Claimant's allegations of disabling pain were not consistent with either treatment notes in the record or her statements regarding her functional abilities. (*Id.*) The ALJ based these findings on the accounts of daily living as testified to by Claimant at the hearing where she was represented by an attorney, as well as the absence of medical findings that would

9

corroborate her allegations regarding the intensity, duration, and limiting effects of her impairments. (*Id.*)

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, she must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id.* (quotations and citations omitted).

Applying the *Holt* "pain standard" test to this Claimant's pain allegations, it is found that the ALJ's determinations regarding Claimant's subjective allegations of pain were based on substantial evidence. As noted above, in order for her claims of pain to be deemed credible, *Holt* requires that objective medical evidence confirm the severity of the alleged pain arising from her condition or that the medical condition be of such severity that it is reasonably expected to give rise to the pain alleged. *Holt*, 921 F. 2d at 1223.

Considering the evidence, it is found that the ALJ sufficiently took into account the RFC determination he had made, as well as the location, duration, frequency and intensity of Claimant's pain and other symptoms as well as any other precipitating and aggravating factors when he assessed her credibility.  Specifically, while the ALJ did accept Claimant's diagnosis of multiple sclerosis, he noted the lack of medical evidence to support the functional limitations or the level of pain alleged by Claimant.   (Tr. 22.) The ALJ further noted that "[w]hile is reasonable to conclude that the claimant would have some pain and weakness associated with her condition, the preponderance of the evidence does not support that this is a constant disabling problem, but rather an intermittent problem which is evidenced by multiple normal physical, sensory, and neurological examinations." (*Id.*)   Claimant's acknowledgement that she lost her last job due to an infection in her jaw and not her pain, as well as the reports from her last emergency room trip being due to "wrestling with a friend" and not due to her pain, support the ALJ's findings.  As such, it is found that the ALJ clearly articulated explicit and adequate reasons for discrediting Claimant's credibility regarding her subjective allegations of pain, and no error is found.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED for the foregoing reasons.  Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 21st day of June, 2012.

                                           S/ STEPHEN HYLES
                                           UNTED STATES MAGISTRATE JUDGE